IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SMITH, *et al.* | : | |
| | : | |
| v. | : | Civil No. CCB-12-1746 |
| | : | |
| ST. JUDE MEDICAL CARDIAC RHYTHM MANAGEMENT DIVISION, *et al.* | : | |
| | : | |

## MEMORANDUM

Plaintiffs Byron Smith, individually and as personal representative of the estate of India N. Smith, and Carrie Youngbar, individually and as parent and next friend of India N. Smith, (collectively "Plaintiffs") sued St. Jude Medical Cardiac Rhythm Management Division ("St.Jude"), among others, in 2012 for claims arising out of the death of their three-year-old daughter. This court granted St. Jude's motion to dismiss in 2013 (ECF Nos. 34 & 35) and entered a final judgment in favor of St. Jude in 2014 (ECF No. 58). The plaintiffs did not appeal.

St. Jude moved for a temporary restraining order and preliminary injunction on July 13, 2017, seeking to restrain plaintiffs from pursuing their claims in a parallel state court proceeding in the Circuit Court for Baltimore City, where a hearing on St. Jude's motion to dismiss recently was set for July 21, 2017. The issues in this case have been fully briefed, and counsel participated in oral argument by conference call with the court on July 19, 2017.[1] For the reasons briefly stated below, the motion for temporary restraining order will be denied.

## ANALYSIS

The Anti-Injunction Act prohibits injunctions of state court proceedings "unless [the injunction] falls within the reach" of one of three exceptions outlined in the Act. *Bryan v.*

---

[1] With the consent of both parties, the conference call was not recorded.

1

*BellSouth Commc'n, Inc.*, 492 F.3d 231, 236 (4th Cir. 2007). Those exceptions are "narrow and are not [to] be enlarged by loose statutory construction." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)). The Supreme Court has repeatedly noted that "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Smith*, 546 U.S. at 306 (quoting *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970)).

St. Jude argues that an injunction is authorized under the relitigation exception, providing that a federal court may enjoin the proceedings of a state court "to protect or effectuate its judgments." 28 U.S.C. § 2283. "This provision authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Smith*, 546 U.S. at 306 (internal citation omitted). As the issuance of an injunction amounts to "heavy artillery," the Court cautions lower courts to keep the exception "strict and narrow." *Id*. at 307. For the federal court to rely on this exception in issuing an injunction, "the issues the federal court decided must have been the same as the one presented in the state tribunal." *Id*.

The Court has twice invalidated a federal court's injunction over the "same issue" requirement. In *Chick Kam Choo*, the Court held that a state court applying a *forum non conveniens* analysis under Texas law would use a different legal standard than the federal court considering the claim under federal *forum non conveniens* principles. 486 U.S. at 148–49. Because the legal standards differed, the issues before the courts differed, and the district court's granting of an injunction was unwarranted. *Id.* In *Smith*, the Court similarly determined that class certification, albeit of identical proposed classes, could differ under Federal Rule 23 and West Virginia Rule 23. 546 U.S. at 309. After a thorough analysis of the two standards, the Court held

that the state court using West Virginia's Rule 23 standard, "would decide a different question than the one the federal court had earlier resolved." *Id.* at 312. Injunctions also have been overturned when a state court complaint advances legal claims not previously decided in the federal lawsuit. *See, e.g.*, *SFM Holdings, Ltd. v. Banc of Am. Secs.*, 764 F.3d 1327, 1346 (11th Cir. 2014) (finding investor's conspiracy and contract claims were not identical to claims previously dismissed by district court and therefore did not fall within the relitigation exception).

St. Jude argues that the plaintiff's state court and federal complaints are identical. To be sure, the complaints are similar; plaintiff's state court complaint, however, includes an additional count of informed consent that was not included in the federal complaint. (Def. Mot. for TRO, Ex. 4 ¶¶ 74–79, ECF No. 78-6.) The 2013 ruling dismissed plaintiff's claims of express warranty and negligent misrepresentation under the learned intermediary doctrine. In discussing the learned intermediary doctrine, this court noted that "St. Jude owed no duty to provide information or warnings directly to Plaintiffs." *Smith v. St. Jude Med. Cardiac Rhythm Mgmt. Div.*, No. CIV. CCV-12-1746, 2013 WL 1104427, at *5 (D. Md. Mar. 13, 2013). St. Jude's counsel now contends that this statement encompasses the additional state court informed consent claims and, as such, is grounds for estoppel. The informed consent claim may indeed be barred by collateral estoppel, but it cannot be said that the claims in the state court complaint and the issues addressed in this court's 2013 ruling are identical.

It does appear that the remainder of plaintiff's claims in the state court complaint are identical to the federal complaint and likely should be barred by res judicata. There is no reason, however, to think that the Circuit Court of Baltimore City cannot determine the preclusive effect of this court's prior rulings. This court is mindful of the Supreme Court's caution to resolve any

3

doubts about enjoining state court proceedings in favor of permitting the state courts to proceed. The motion for temporary restraining order will be denied.

## CONCLUSION

For the reasons stated above, the court will deny the motion for a temporary restraining order. A separate order follows.

July 20, 2017                                                  /S/
Date                                                      Catherine C. Blake
                                                          United States District Judge